# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **CHANCE YOUNG, #440-629** | * |
| Plaintiff, | * |
| v. | *   Case No.: 8:18-cv-3016-PWG |
| **PHILLIP MORGAN,** *et al.* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Chance Young (Mr. Young), an inmate at the Maryland Correctional Institution at Jessup (MCIJ), commenced this action *pro se*[1] against medical and prison personnel pursuant to 42 U.S.C. § 1983, alleging violations of his right not to be subjected to cruel and unusual punishment. Compl. 1, ECF No. 1; Suppl. to the Compl. 1, ECF No. 8. Defendants Nurse Nwosu, Nurse Wann, and Sergeant Fisher have filed motions to dismiss, contending that Mr. Young has not adequately pleaded that any of them acted with deliberate indifference to Mr. Young's serious medical needs. *See* Medical Def.'s Mot. to Dismiss 1, ECF No. 28; *see also* Prison Def.'s Mot. to Dismiss 1, ECF No. 29. Alternatively, Nurses Nwosu and Wann seek summary judgment, contending that the record demonstrates that Mr. Young was given adequate medical care. Medical Def.'s Mot. 1. Sergeant Fisher, too, seeks summary judgment, arguing that Mr. Young's claims against her are barred by either the Eleventh Amendment, or because she is entitled to qualified immunity. Mem.

---

[1] Mr. Young is now represented by counsel. ECF No. 34 (Entry of Appearance, Mr. James Martin Ray, Dec. 12, 2019).

in Support by D.P.S.C.S., Fisher, Warden Phillip Morgan ("Prison Def.'s Mem.") 10-12, ECF No. 29-1.  For the reasons that follow, I will deny both motions to dismiss or in the alternative, for summary judgment, and the case will proceed.

## FACTUAL BACKGROUND

Because the defendants have filed motions to dismiss as well as for summary judgment, I must examine not only the facts as alleged by Mr. Young, accepting them as true (for the motion to dismiss), as well as the facts that he has pleaded that are disputed by the Defendants (for summary judgment purposes).  I will begin with the facts that Mr. Young has pleaded, noting at the outset that some of them are disputed.  For purposes of clarity, those factual disputes will be detailed in the summary judgment discussion.  Mr. Young is currently, and at all relevant times of the actions leading to this suit, an inmate at MCIJ.  Compl. 1.  On July 15, 2017, in the laundry room area, a fellow inmate threw hot oil and bleach on Mr. Young.  *Id.* at 2.  Mr. Young then went to the shower to rinse off.  *Id.*  Mr. Young reported the incident to Sergeant Fisher, who told Mr. Young to wait in his cell while she called for the medical staff.  *Id.*  However, Mr. Young was not seen by medical staff until around 7:00 p.m. on July 16, 2017, when another officer came to his cell, saw Mr. Young's injuries, and took him to be seen at medical.  *Id.* at 3.

While in medical, Nurse Nwosu[2] saw Mr. Young, examined him and called in an officer to take pictures of him, but failed to treat his burn wounds.  *Id.*  Mr. Young then was transferred to the administrative segregation unit, where he was put in a cell for three days without medical treatment.  *Id.*  Mr. Young was bleeding and in pain for those three days.  Suppl. to the Compl. 4.  Nurse Wann[3] was on duty while Mr. Young was in the administrative segregation unit.  Whenever

---

[2] In his complaint, Mr. Young refers to Nurse Nwosu as "Doctor Emanuel."
[3] In his complaint, Mr. Young refers to Nurse Wann as "Nurse Maria."

Mr. Young tried to get her attention, because he was in pain, she would tell him "show me blood [and] I'll call the doctor." *Id.*

On July 19, 2017, Yetunde P. Rotimi, NP ("Nurse Rotimi"),[4] took Mr. Young's vital signs, and promptly sent him to the hospital. This was four days after the incident in which Mr. Young first was injured. *Id.* Mr. Young was taken to Johns Hopkins Bayview where his burns were cleaned and he was given pain medication. *Id.* As a result of Mr. Young's injuries, he has become permanently disfigured, with lasting effects in his eye and ear. *Id.* at 4. Mr. Young seeks damages in the amount of $800,000, and additional compensation for future medical expenses. *Id.* at 3.[5]

Mr. Young filed this lawsuit against various government employees asserting that he was subjected to cruel and unusual punishment by way of inadequate medical care and inadequate protection from other inmates, in violation of the Eighth Amendment to the United States Constitution. Pl.'s Opp'n 2, ECF No. 38. Mr. Young's complaint named the Maryland Department of Public Safety ("DPSCS"), Warden Phillip Morgan ("Warden Morgan"), and Wexford Medical Department ("Wexford") as defendants. Compl. 1. Mr. Young, with permission of the Court,[6] filed a supplement to his complaint, adding as defendants Sergeant Marva Fisher ("Sergeant Fisher"), Emmanuel Nwosu, R.N. ("Nurse Nwosu"), and Mariatu Wann L.P.N. ("Nurse Wann").

---

[4] In his complaint, Mr. Young refers to the medical professional that he saw on July 19, 2017, as Dr. Young. Compl. 3. However, in his opposition, he refers to this medical professional as Nurse Rotimi. Pl.'s Opp'n 5. I will refer to the person who treated Mr. Young as "Nurse Rotimi."
[5] Mr. Young also requested that there be a "better policy for other inmate safety" as part of his requested relief. Compl. 5. This injunctive relief was later abandoned in his opposition. Pl.'s Opp'n 2.
[6] On December 18, 2018, the Court granted Mr. Young permission to supplement his complaint "so that it expressly names the individual or individuals he seeks to hold liable," and on January 2, 2019, the Court directed the Clerk of the Court to add as defendants Sergeant Fisher, Nurse Nwosu, and Nurse Wann. Order, ECF No. 6; Order, ECF No. 11.

The medical defendants (Wexford, Nurse Nwosu, and Nurse Wann) and prison defendants (DPSCS, Warden Morgan, and Sergeant Fisher) seek to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mem. in Support by Maria, Emmanuel Nwosu, Wexford Medical Department ("Medical Def.'s Mem.") 6, ECF No. 28-3; *See* Prison Def.'s Mem. 1. Alternatively, the medical and prison defendants have moved this Court to grant them summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure. Medical Def.'s Mem. 7; Prison Def.'s Mem. 1.

In Mr. Young's opposition, he made various concessions. Pl.'s Opp'n 2. First, Mr. Young conceded that summary judgment in favor of DPSCS, Warden Morgan, and Wexford is appropriate. *Id.* Mr. Young also withdrew any claim for injunctive relief. *Id.* The claims that are left are as follows:

> [T]he Plaintiff affirmatively contends that Nurse Nwosu, Nurse Wann, and S[er]g[ean]t Fisher are liable under 42 U.S.C. § 1983 for violating the Plaintiff's Eighth Amendment constitutional right to medical care and that S[er]g[ean]t Fisher independently is liable under § 1983 for violating the Plaintiff's Eighth Amendment right to be protected while in custody from an attack by another inmate.

*Id.* The parties have fully briefed their arguments. *See* ECF Nos. 28, 29, 38. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018). Nurse Nwosu, Nurse Wann's, and Sergeant Fisher's motions to dismiss are denied because Mr. Young's complaint contains allegations that are sufficient to allow a reasonable trier of fact plausibly to find that all three defendants were deliberately indifferent to Mr. Young's serious medical needs. Nurse Nwosu and Nurse Wann's motions for summary judgment are denied because the competing narratives offered in both Nurse Nwosu's and Nurse Wann's declarations and Mr. Young's declaration present genuine disputes of material fact. Sergeant Fisher's motion for summary judgment is also denied because Mr. Young has presented evidence that would allow a reasonable fact finder to conclude that Sergeant Fisher's

4

actions were not objectively reasonable, and she is therefore not entitled to qualified immunity. Lastly, the claims going forward against Sergeant Fisher will be against her in her personal capacity, because the Eleventh Amendment to the United States Constitution bars suits for money damages against state employees in their official capacity.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it fails "to state a claim upon which relief can be granted." A motion pursuant to this rule "tests the sufficiency of a complaint; it does not, however, 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To overcome the motion, the "complaint 'must contain sufficient facts to state a claim that is plausible on its face.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). The court, in reviewing the motion, "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't*, 684 F.3d at 467 (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Additionally, "[a] court passing on a motion to dismiss may consider attachments to a complaint or the motion to dismiss if 'integral to the complaint and authentic.'" *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 851 (4th Cir. 2016).

Federal Rule of Civil Procedure 56(a) provides for the judgment in favor of the movant "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Only factual disputes that "might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). Additionally, the factual dispute must be genuine to defeat a motion for summary judgment, in that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record. . . a court should not adopt that version."). Either party may assert that a fact is genuinely disputed, or cannot be genuinely disputed, by submitting certain materials to the Court such as documents, declarations, and affidavits. Fed. R. Civ. P. 56(c). It is the nonmoving party's burden to confront a motion for summary judgment with affirmative evidence to show that a genuine dispute of material fact exists. *Anderson*, 477 U.S. at 256. A plaintiff nonmovant, "to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.* When ruling on a motion for summary judgment, the court may not make credibility determinations regarding conflicting testimony or declarations. *Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

## DISCUSSION

42 U.S.C. § 1983 imposes civil liability on any person, acting under the color of law, who deprives another person of the rights and privileges secured by the Constitution and laws of the United States. Section 1983 is not the source of substantive rights but is, instead, a vehicle through which a plaintiff can vindicate their federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Mr. Young is using section 1983 to vindicate his Eighth Amendment right to be free from cruel and unusual punishment. U.S. CONST. amend. VIII.

A prison official violates a prisoner's right to be free from cruel and unusual punishment when the official shows "deliberate indifference to the serious medical needs of prisoners" because it constitutes "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

> This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Id.* at 104-05.

"A deliberate indifference claim consists of two components, objective and subjective." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). The objective prong requires that the inmate have an objectively serious medical condition. *Id.* ("Objectively, the inmate's medical condition must be 'serious'—'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)).

The subjective prong requires proof that the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "A defendant's subjective knowledge can be proven 'through direct evidence of [his] actual knowledge or circumstantial evidence tending to establish such knowledge, including evidence that [he] knew of a substantial risk from the very fact that the risk was obvious.'" *Gordon v. Schilling*, 937 F.3d 348, 357 (4th Cir. 2019) (quoting *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016)). "[A] a prison official's '[f]ailure to respond to an inmate's known medical needs raises an inference [of] deliberate indifference to those needs.'" *Scinto*, 841 F.3d at 226 (quoting

*Miltier v. Beorn*, 896 F.2d 848, 853 (4th Cir. 1990), overruled in part on other grounds by *Farmer*, 511 U.S. at 837).

However, claims amounting to medical malpractice do not constitute deliberate indifference.

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

*Estelle*, 429 U.S. at 105-06.

With this law as a backdrop, I first will analyze the motions to dismiss for failure to state a claim generally, then I will analyze the various motions for summary judgment as they pertain to each specific defendant.

### Mr. Young adequately has alleged that Nurse Nwosu, Nurse Wann, and Sergeant Fisher were deliberately indifferent to his medical needs, violating his Eighth Amendment rights

All defendants argue that Mr. Young's complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sergeant Fisher argues that the allegations in Mr. Young's complaint are insufficient to establish that Mr. Young was suffering from an objectively serious medical need. Prison Def.'s Mem. 9. Additionally, Nurse Nwosu, Nurse Wann, and Sergeant Fisher argue that the allegations in Mr. Young's complaint are insufficient to establish that they were deliberately indifferent to Mr. Young's injuries because, even if true, his allegations amount to an inadvertent failure to provide adequate medical care. Medical Def.'s Mem. 10, 12; Prison Def.'s Mem. 10.

First, Mr. Young has sufficiently alleged that he suffered from an objectively serious medical need. Sergeant Fisher argues that Mr. Young "has not shown that he suffered serious

8

harm from the insignificant deferral of treatment." Prison Def.'s Mem. 9. Sergeant Fisher cites *Harris v. Murray* for the proposition that a "brief delay in providing medical care ordinarily does not constitute a constitutional deprivation." 761 F. Supp. 409 (E.D.Va. 1990). However, *Harris* is readily distinguishable. There, the plaintiff alleged that he was denied reading glasses for the ten days that he was in the segregation unit. *Id.* at 413. The court found that although the plaintiff was inconvenienced, "this treatment is not so harsh as to be cruel and unusual treatment." *Id.* Mr. Young, however, alleges that he was in great pain that was ignored for four days by all three defendants. *See* Compl. 2-4. He alleged that after Sergeant Fisher failed to call medical, another officer—just upon seeing him—called medical. Compl. 3; *Iko*, 535 F.3d at 241 (holding that a medical need is objectively serious when it is "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"). Mr. Young also alleged that while ignored by Nurse Wann in the segregation unit, he was "bleeding and in extreme pain." *Id.* The allegations in Mr. Young's complaint amount to more far more serious injuries than the plaintiff in *Harris*, and he clearly has alleged that his medical needs were objectively serious and not mere inconveniences.

Second, Mr. Young sufficiently has alleged that Nurse Nwosu, Nurse Wann, and Sergeant Fisher were deliberately indifferent to his medical needs because, as alleged, he received *no* medical care, not simply inadequate medical care, despite the obviousness of his need for treatment. "Failure to respond to an inmate's known medical needs raises an inference [of] deliberate indifference to those needs." *Scinto*, 841 F.3d at 226 (quoting *Miltier*, 896 F.2d at 853 (4th Cir. 1990)). In *Miltier*, the Fourth Circuit denied the defendant nurse's motion for summary judgment because Miltier had raised an inference of deliberate indifference when a co-inmate testified that "on more than one occasion [Miltier] lost consciousness, fell, and was left unattended

9

by Nurses Barker and Spencer." *Miltier*, 896 F.2d at 853. Similar to the testimony in *Miltier*, Mr. Young has alleged that Sergeant Fisher, Nurse Nwosu, and Nurse Wann failed to respond to his medical needs, raising an inference of deliberate indifference. Mr. Young alleged that he reported his medical needs to Sergeant Fisher, who then told Mr. Young to lock himself in his cell while she would call medical, but Sergeant Fisher failed to call medical. Compl. 2-3. Mr. Young alleged that Nurse Nwosu "never cleaned or even gave me anything to treat the burn at all." *Id.* at 3. Finally, Mr. Young alleged that Nurse Wann ignored his pleas for medical attention for three days. Supp. to the Compl. 4. Therefore, Mr. Young's complaint contains sufficient facts to state a plausible claim that the three defendants were deliberately indifferent to his serious medical needs.

**The Issue of Whether Nurse Nwosu was Deliberately Indifferent to Mr. Young's Medical Needs Presents a Genuine Dispute of Material Fact**

Nurse Nwosu submitted Mr. Young's medical records in support of his motion for summary judgment. Medical R., ECF No. 28-4. According to the medical records, Nurse Nwosu examined Mr. Young on July 16, 2017. Medical R. 5. Nurse Nwosu noted in the record that Mr. Young stated: "I don't know who and how I was injured. It happened yesterday," and that Mr. Young denied any pain or acute distress. *Id.* Nurse Nwosu assessed that Mr. Young was experiencing injuries related to "burn/sunburn, laceration/abrasion," and measured the wound sizes and locations. *Id.*

The medical records also detail Mr. Young's visit with Nurse Rotimi on July 19, 2017. Medical R. 6. The record indicates that Mr. Young was suffering from a "[m]assive chemical burn to the whole left side of face," and that Mr. Young appeared to have gauze on the wound on his left shoulder. Medical R. 6 ( "Left shoulder with multiple gauze stuck on noted."). Nurse Rotimi documented prescribing Mr. Young nubaine to clean his wounds and sent Mr. Young to Johns Hopkins Bayview. *Id.*

Lastly, the medical records detail Mr. Young's visit at Johns Hopkins Bayview, where he was prescribed bacitracin and silvadene to clean his wounds and ibuprofen and oxycodone for pain. *Id.* at 10-16.

Nurse Nwosu stated that he has "no independent recollection of [the] encounter," with Mr. Young. Nwosu Decl. ¶ 3, ECF No. 29-5.[7] Nurse Nwosu asserted that the medical records make clear that Mr. Young did not report to be in pain, and that "[a]lthough not documented, RN Nwosu's practice would have been to clean and dress with gauze any open wound such as that described on the left shoulder." *Id.*

Nurse Nwosu argues that he was not deliberately indifferent to Mr. Young's injuries because, as supported by the medical records and his declaration, he provided Mr. Young with medical care. Medical Def.'s Mem. 14; Medical R. 5; Nwosu Decl 1. Nurse Nwosu argues that the medical records show that: he measured and documented Mr. Young's injuries, that Mr. Young stated he was not in pain, that he believes he provided care to Mr. Young in the form of cleaning and dressing his wounds because Nurse Rotimi noted that Mr. Young had gauze on his left shoulder, and because Mr. Young already had a prescription for ibuprofen "which in Nurse Nwosu's nursing experience should have covered any complaints of discomfort for a 1st degree burn." Medical Def.'s Mem. 15.

---

[7] The medical defendants refer to both Nurse Nwosu's and Nurse Wann's documents that detail their recollection of the events as "affidavits," however, because neither document contains any indication that the statement was sworn before a notary public, they are declarations. *Sanders v. Davis*, No. 1:09-cv-447-RJC, 2011 WL 809959, at *3 (W.D.N.C. Mar. 2, 2011) ("A declaration is a written statement subscribed as true under penalty of perjury. 28 U.S.C. § 1746. An affidavit is a written statement sworn before a notary public. *Black's Law Dictionary,* 62 (3th ed. 2004). Affidavits and declarations must be made on personal knowledge and set out facts that would be admissible in evidence. Fed.R.Civ.P. 56(c)(4).").

Mr. Young's declaration, however, tells a different story. According to Mr. Young, he told Nurse Nwosu that he was in pain but Nurse Nwosu "only called in an officer to take pictures, and then took measurements," and "never cleaned my burns or gave me anything to treat the burn area at all." Young Decl. ¶ 5, ECF No. 38-1. Mr. Young argues that this is a genuine dispute of material fact, requiring denial of Nurse Nwosu's motion for summary judgment. Pl.'s Opp'n 4 n.4. Nurse Nwosu argues that the Court should credit the medical records at the expense of Mr. Young's declaration, and grant him judgment as a matter of law. Medical Def.'s Mem. 14. Mr. Young is correct.

Nurse Nwosu argues that *Bennett v. Reed*, supports the proposition that this Court, in reviewing a motion for summary judgment, is able to credit one fact over another. 534 F. Supp. 83, 86 (E.D.N.C. 1981) ("In determining whether a prisoner has received adequate medical treatment, this Court is entitled to rely on the affidavits of medical personnel and prison medical records kept in the ordinary course of operation."). However, the court in that case found that "the entire record" revealed that the defendants provided adequate medical care to the plaintiff. *Id.* And, while properly authenticated medical records are appropriate for consideration in summary judgment as business records, Fed. R. Evid. 803(6), they are not holy writ, and their substantive accuracy may be challenged if the source, method, or circumstances of their creation is untrustworthy (Fed. R. Evid. 803(6)(E)), or if their author is shown to be incredible (Fed. R. Evid. 806). Here, there is a genuine dispute as to whether Mr. Young told Nurse Nwosu that he was in pain, and therefore was denied adequate medical treatment. And Nurse Nwosu—who authored the records that he now touts as establishing that he is not liable—is a party in this case, and his credibility is at issue by virtue of the Plaintiff's declaration and the medical records of Johns Hopkins Bayview, which tell a substantially different story than his self-serving medical notes.

12

*See* Fed. R. Evid. 806. It is not the role of the trial court to weigh the evidence or to determine its credibility, and therefore, I cannot credit the medical records over Mr. Young's declaration. *Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

These disputes (whether Mr. Young told Nurse Nwosu he was in pain and whether Nurse Nwosu treated his wounds) are also material because if Nurse Nwosu is correct, Mr. Young's claim that Nurse Nwosu was deliberately indifferent would likely fail since Nurse Nwosu's medical decision not to prescribe Mr. Young medication or more adequately clean his wounds on the basis that Mr. Young was not in pain would be a medical decision, tantamount to medical malpractice. *Estelle*, 429 U.S. at 105-06 ("Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). However, if a jury were to credit Mr. Young's rendition of the facts, they could find that Nurse Nwosu was deliberately indifferent in treating Mr. Young's medical needs. *Scinto*, 841 F.3d at 226 ("Failure to respond to an inmates known medical needs raises an inference [of] deliberate indifference to those needs."). Therefore, Nurse Nwosu's motion for summary judgment is denied.

**The issue of Whether Nurse Wann was Deliberately Indifferent to Mr. Young's Medical Needs Presents a Genuine Dispute of Material Fact**

Nurse Wann asserts that she has no recollection of speaking with Mr. Young in July 2017 and never told him to "show me blood and I'll call the doctor." Wann Decl. ¶¶ 2-3, ECF No. 28-6. Nurse Wann bolsters her position by claiming that while on duty in the segregation unit she only visited inmates who were on the list to receive prescription medication, and because Mr. Young was not on this list, she would "not have had any reason to visit Plaintiff or speak to him."

13

*Id.* ¶ 3. In his declaration, Mr. Young again asserts that he tried to get Nurse Wann's attention "by shouting and banging on the door that I was bleeding and was in pain." Young Decl. ¶ 7. He states that, had she not ignored his pleas for help, he would have been treated sooner and could have avoided three days of pain. *Id.* ¶ 10.

Nurse Wann argues she is entitled to judgment in her favor because she was not deliberately indifferent to Mr. Young's medical needs and that there is no genuine dispute of material fact, citing her declaration for support. However, the issue of whether Nurse Wann heard and ignored Mr. Young is a genuine dispute of material fact, and therefore I deny Nurse Wann's motion for summary judgment. This dispute is genuine because it involves two diametrically opposed versions of important facts, and it is not the place of this Court to decide which declaration is more credible. Here, a jury could return a verdict for Mr. Young based on the facts he presented in his declaration, as confirmed by the Johns Hopkins Bayview medical records, and therefore the dispute over whether Nurse Wann heard his pleas for help but ignored him, is a genuine dispute. *Anderson*, 477 U.S. at 248 (holding that a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). This dispute is material because if a fact finder were to find the facts in favor of Mr. Young, Nurse Wann could be found liable to him for violations of the Eighth Amendment. *Scinto*, 841 F.3d at 226 ("Failure to respond to an inmates known medical needs raises an inference [of] deliberate indifference to those needs.").

### Defendant Sergeant Fisher is Not Immune From Suit

In support of her motion for summary judgment, Sergeant Fisher swears that she did not speak to Mr. Young on July 15, 2017. Fisher Decl. ¶ 4, ECF No. 29-4. Again, Mr. Young's complaint and declaration tell a different story. According to Mr. Young, Sergeant Fisher was

14

aware that he was at risk of an assault from his fellow inmate. Mr. Young states that the inmate who later injured him, threatened him in Sergeant Fisher's presence. Young Decl. ¶ 11.

Additionally, Mr. Young provided the Court with a declaration of a fellow inmate, Bruce Koenig ("Mr. Koenig"). Koenig Decl., ECF No. 38-2. Mr. Koenig states that he witnessed Mr. Young get assaulted by another inmate. *Id.* ¶ 17. Mr. Koenig recalls that when he went to the control unit to notify the officers on duty of the assault, he saw Sergeant Fisher asleep in the control unit. *Id.* ¶ 19-20.

Mr. Young also states that on July 15, 2017, when he eventually reported his assault to Sergeant Fisher, she told Mr. Young to lock himself in his cell while she called for medical, but she never did. Young Decl. ¶ 4. Mr. Young states that "[b]ecause of her inaction, I was not seen by any medical provider for approximately twenty-four hours after I was injured." *Id.*

Sergeant Fisher argues that under these facts she is entitled to qualified immunity and also that she is entitled to immunity granted to state officials pursuant to the Eleventh Amendment. Prison Def.'s Mem. 10-11.

### Sergeant Fisher is Not Entitled to Qualified Immunity

Government officials are entitled to rely upon qualified immunity when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Sergeant Fisher argues that "[g]iven the status of the law as it relates to medical treatment, even if Plaintiff has stated a claim, [Sergeant Fisher's] actions cannot be held to have violated 'clearly established' principles." Prison Def.'s Mem. 11.

Mr. Young, in his opposition, argues that Sergeant Fisher violated his Eighth Amendment rights in two ways: first, by exhibiting deliberate indifference to his medical needs and second, by

15

failing to protect Mr. Young from another inmate's attack. Pl.'s Opp'n 13 (explaining that both claims under the Eighth Amendment require the same showing to succeed: that the prison official acted with "deliberate indifference to inmate health or safety") (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Mr. Young argues that "the obligation to protect inmates from attacks by other inmates is a long and clearly established constitutional right." Pl.'s Opp'n 14 n.6 (citing *Farmer*, 511 U.S. 825). Mr. Young also argues that as alleged, and according to his version of events detailed in his declaration, Sergeant Fisher's actions were not objectively reasonable. *Id.* Mr. Young is correct.

Mr. Young has presented to the Court facts from which a reasonable fact finder could conclude that Sergeant Fisher was aware of the threat to Mr. Young's safety, that she was asleep when she was supposed to be on duty, and that when Mr. Young did report his injuries to her, that she failed to call medical. Young Decl. ¶ 4; Koenig Decl. ¶ 16-18. If credited by the jury, Sergeant Fisher's actions were not objectively reasonable because they were at odds with Mr. Young's clearly established rights under the Eighth Amendment. Harlow, 457 U.S. at 819 ("Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate; and a person who suffers injury caused by such conduct may have a cause of action.").

### Sergeant Fisher is Immune from Suit in Her Official Capacity

The Eleventh Amendment bars a suit against a State if the plaintiff is suing for monetary damages. *See Edelman v. Jordan*, 415 U.S. 651, 665-67 (1974). The Supreme Court has said: "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, (1989). Sergeant Fisher argues

that any claim against her in her official capacity, seeking to recover monetary damages, is barred by the Eleventh Amendment. Prison Def.'s Mem 13. Mr. Young does not dispute this argument. Therefore, Mr. Young's claims that Sergeant Fisher violated his Eighth Amendment rights are against her in her personal capacity only.

## CONCLUSION

In sum, Mr. Young has alleged sufficient facts from which a reasonable trier of fact could conclude that his Eighth Amendment rights were violated. Additionally, Mr. Young has presented evidence that creates genuine issues of material fact as to whether Nurse Nwosu, Nurse Wann, and Sergeant Fisher violated his Eighth Amendment rights. Lastly, Sergeant Fisher is not entitled to qualified immunity, as her actions were not objectively reasonable and Mr. Young's right to be protected from other inmates and right to be free from deliberate indifference to a serious medical need are both clearly established. Therefore, both motions for summary judgment are denied.

## ORDER

Accordingly, on this eighth day of June, Nurse Nwosu and Nurse Wann's Motion to Dismiss or in the alternative, Motion for Summary Judgment, ECF No. 28, IS DENIED, with prejudice. Additionally, Sergeant Fisher's Motion to Dismiss, or alternatively, Motion for Summary Judgment, ECF No. 29, IS DENIED.

The Court will schedule a telephone conference to discuss further pretrial proceedings.

_____/S/_____
Paul W. Grimm
United States District Judge